SAMUEL, Judge,
dissenting.
I agree the issue is whether the relationship between Cobena, the distributor and employer of the deceased, and the defendant was that of vendor-vendee or principal-contractor. If the latter, the deceased was a defendant statutory employee under R.S. 23:1061 and defendant is liable in compensation; if the former, defendant is not liable. The deciding factor is control.
I do not agree that the indicia of control stated in the majority opinion makes the *11 defendant the statutory employer of the deceased. In my view, especially when balanced against other and undisputed facts not mentioned in the majority opinion, those indicia fail to establish anything other than a limited right of control or inspection which goes no further than is necessary to obtain a satisfactory end result, the sale of defendant’s products for the benefit of Cobena and the defendant.
The contract does appear to require that Cobena handle defendant’s products exclusively (other than ice cream) and it does prevent him from selling milk (and only milk) in the territory within six months after termination. However, this certainly is not conclusive. As I read the contract, Cobena was required to refrain from selling milk in the territory for a six month period only if he, Cobena, was the one who terminated the contract.
As to the next two indicia listed by the majority: Under the contract both Cobena and the defendant had the right to terminate on a 60 day notice. And neither that mutual right or the defendant’s action in extending credit to Cobena have anything to do with control.
The fact that a defendant representative had the right to accompany Cobena’s employees on their routes and the fact that defendant retained the right and responsibility to handle complaints limited to those regarding sour milk were only for the ultimate benefit of both Cobena and the defendant. This is also true of Cobena’s contractual right to attend defendant’s sales meetings; Cobena was not required to attend and defendant could not force him to do so.
As to No. 7 of the listed indicia, the only customer list which remained in defendant’s ownership was the list furnished Cobena by the defendant; Cobena certainly had the right to service other customers not on that list and the contract gives to the defendant no rights to any such list of additional customers.
It is true that the defendant’s name was on Cobena’s delivery trucks. But those trucks did not belong to the defendant; Cobena owned them and had them serviced at a station he designated for parking them when not in use.
In addition to what has just been said about the delivery trucks, there are other indicia showing a lack of control by the defendant. Cobena would place his orders with defendant the day before delivery was made and defendant had no control over how much or how little was purchased; Cobena paid his employees with his checks imprinted with his name and drawn on his bank account; and defendant was totally without authority to hire, fire or control any of Cobena’s employees.
If the defendant is liable in compensation for the injury or death of a Cobena employee, I would find it difficult to understand why General Motors, or perhaps its Buick division, should not be liable in compensation to a mechanic employed in and by a. local Buick dealership.
As I am of the opinion the judgment appealed from should be affirmed, I respectfully dissent.